**Paul E. BURKE et al.**

v.

**BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT et al.**

**No. 83–146–Appeal.**

Supreme Court of Rhode Island.

Jan. 20, 1984.

 

Kathleen Managhan, Jeffrey Teitz, Corcoran, Peckham & Hayes, P.C., Newport, Dennis J. Roberts II, Atty. Gen., Faith A. LaSalle, Asst. Atty. Gen., for plaintiffs.

Gerald C. DeMaria, Higgins, Cavanagh & Cooney, Providence, for defendants.

### OPINION

MURRAY, Justice.

This case has been certified to us by the Federal District Court of Rhode Island. In pertinent part, it is a products-liability suit brought by the plaintiffs to recover damages for personal injuries they sustained in an automobile accident on March 3, 1979.

The plaintiffs filed their initial complaint on November 5, 1982. The defendants' allegedly defective product, a BMW 1600 automobile, was first sold for use in May of 1970. In November of 1982, both defendants moved for summary judgment on the ground that plaintiffs' suit was barred by G.L.1956 (1969 Reenactment) § 9–1–13(b), as amended by P.L.1978, ch. 299, § 2. The plaintiffs vigorously contested said motion under numerous theories, including a constitutional challenge to § 9–1–13(b). Because of the lack of any controlling precedent in Rhode Island construing that statute, the District Court judge invoked the provisions of our Rule 6 and asked for our response to five certified questions of law involving the construction and constitutionality of § 9–1–13(b). Because we find the constitutional issue dispositive of the instant case, we need not address the other four questions certified to us concerning statutory construction.

The constitutional question specifically certified to this court is:

"Does Rhode Island General Laws § 9–1–13(b) violate Article I, Section 5 of the Constitution of the State of Rhode Island?"

This identical question was recently considered and affirmatively answered by this court in *Kennedy v. Cumberland Engineering Co.,* 471 A.2d 195 (R.I.1984). We therefore respond to the District Court's inquiry by directing its attention to that opinion's mandate and reasoning.